# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**THOMAS L. FURR**

**VERSUS**

**CITY OF BAKER, et al**

**CIVIL ACTION**

**NO. 15-426-JWD-EWD**

## RULING AND ORDER

### I.    Introduction

This matter comes before the Court on Defendants' *Motion to Dismiss Pursuant to Rule 12(b)(5) and 12(b)(6)*. (**Doc. 32.**) The motion is opposed by Plaintiff Thomas Furr ("Plaintiff").[1] (**Doc. 36.**)  Defendants did not file a reply. After careful consideration of the law, facts, and arguments of the parties, for the reasons set forth below, Defendants' Motion is **GRANTED IN PART** and **DENIED IN PART**.

### II.    Background

#### a.   Factual background

For the past thirty years, Plaintiff's property has been used for construction storage. (Doc. 3 at 2.) At the entrance of Plaintiff's property, there are "No Trespassing" signs posted, as well as a sign listing the Ten Commandments. (*Id.*) According to Plaintiff, his brother reported to him that the City of Baker ordered M.R.I. LLC d/b/a Netterville's Towing and Auto (owned by Paul Hickman, hereinafter "Netterville's") to enter Plaintiff's property and tow away several vehicles. (Doc. 3-1 at 1.) Prior to the City of Baker ordering the towing company to remove Plaintiff's

---

[1] Plaintiff's complaint states that the Plaintiffs are "Thomas L. Furr and Family of full age and majority[.]" For purposes of this motion, the Court refers to Thomas Furr as "Plaintiff."

vehicles, Plaintiff claims that he repeatedly, but unsuccessfully, attempted to reach the Code Enforcement Officer, William Johnson. (*Id.*)

On June 30, 2014, "agents and employees of the City of Baker" including Leroy White and Bill Johnson allegedly entered Plaintiff's property without a warrant, seized and stole three trucks and a car. (Doc. 3 at 2.) According to his complaint, Plaintiff alleges that these acts constitute:

> (a) A violation of Louisiana Revised Statute § 67:26, regarding theft of a motor vehicle;
> (b) Disposal of property and malicious intent in violation of Louisiana Revised Statute § 72.4; and
> (c) Obstruction of justice by Baker City Policy Department by refusing to arrest vandals who had previously trespassed on Plaintiff's property.

(*Id.* at 6.) In addition to this and other state law violations, Plaintiff also alleges a Section 1983 claim, through which he alleges constitutional violations by various municipal actors.

Furthermore, Plaintiff alleges that neither he, nor any of his family members received any notice of the City of Baker's intent to seize the vehicles. (Doc. 3-1 at 2.) In failing to notify Plaintiff of its intention, Plaintiff alleges that the City of Baker violated Code of Ordinance Section 20-96, regarding "Junked Vehicles and Abandoned Property." (*Id.*) Additionally, Plaintiff alleges that the vehicles in the City of Baker's possession are exempt from the zoning ordinance authorizing the City to tow them because of their "antique" classification. (Doc. 3 at 5—6.)

In an amended complaint, Plaintiff also alleges that on May 6, 2014, officers of the Baker City Police, acting on the directions of Police Chief Mike Knaps, entered Plaintiff's property without a warrant, "passed through posted signs, cut the lock on his fence maced his [disabled younger brother's] dog, busted down his [brother's] door down, and tazed [sic] [his younger brother] while he was laying down in his bed" and arrested him in violation of the Fourth and Fourteenth Amendments. (*Id.* at 7.) Plaintiff's younger brother was found innocent of all charges against him arising out of the May 6, 2014 arrest. (*Id.*)

### b. Procedural background

On June 30, 2015, Plaintiff Thomas Furr filed a complaint against "(a) the City of Baker, (b) the employees, agents, representative and assignees of the City of Baker, namely John Does 1 through 50, and (c) XYZ Insurance Company and all of its agents, representatives and assignees which insures the City of Baker." (Doc. 1 at 1.) In his complaint, Plaintiff alleged that on June 30, 2014, Defendants violated his constitutional rights and violation various state tort laws. (*Id.* at 2.) On July 30, 2015, Plaintiff amended his complaint to include for the first time the allegations relating to the arrest of Plaintiff's disabled younger brother, Rodger Furr, as outlined above. (Doc. 3 at 6—7.)

On July 30, 2015, Plaintiff amended his complaint to add as Defendants William Johnson, Paul Hickman, and Netterville's. (Doc. 3 at 1—2.) On February 10, 2016, Plaintiff filed an executed summons into the record with respect Johnson, Hickman, and Netterville's. (Doc. 15.) On February 12, 2016, Plaintiff filed the City's executed summons into the record. (Doc. 16.)

On October 30, 2015, the Court granted leave for Plaintiff to amend his complaint once again to substitute John Does 1—11 for the following individuals: Harold Rideau, Darnell Waites, Mike Knaps, Robert Young, John Givens, Joyce Burges, Pete Heine, Charles Vincent as well as naming the City of Baker Insurance Company as Defendants.[2] (Docs. 10, 11.) On November 1, 2016, Plaintiff issued a summons upon Burges, City of Baker Insurance, Givens, Heine, Rideau, Vincent, Waites, and Young. (Doc. 12.) On March 10, 2016, Plaintiff filed an executed summons with respect to Heine, Rideau, and Waites. (Doc. 17.) The record reflects that Plaintiff has not filed an executed summons with respect to Knaps, Young, Givens, Burges, Vincent, or the City of Baker Insurance Company.

---

[2] This iteration of the complaint did not differ from the former in any other respects.

On November 29, 2016, all Defendants moved to dismiss the complaint pursuant to Rule 12(b)(5) and 12(b)(6), raising two grounds for relief: first, that some of the named defendants have not been properly served and thus they are entitled to dismissal under Rule 12(b)(5). (*See* Doc. 32.) Second, that with respect to all Defendants except for the City, the amendments to Plaintiff's complaint do not relate back; his claims have prescribed, and thus they are subject to dismissal pursuant to Rule 12(b)(6). (*See id.*) Plaintiff filed a memorandum in opposition (Doc. 36.) Defendants did not file a reply.

### III. Discussion

#### a. Standard

##### 1. Rule 12(b)(5)

If a plaintiff fails to properly effectuate service, the defendant may seek to dismiss the plaintiff's complaint under Rule 12(b)(5). *See* Fed. R. Civ. P. 12(b)(5) (authorizing a court to dismiss a civil action when service of process is inadequate). "A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process." *Holly v. Metro. Transit Auth.*, 213 Fed. App'x. 343, 344 (5th Cir. 2007). The burden of demonstrating the validity of service when an objection is made lies with the party making service. *Id.* (*citing Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)).

When a challenge is made to the adequacy of service of process, the serving party bears the burden of proving the validity of service or the existence of good cause for failing to effect service in a timely manner. *System Sign Supplies v. U.S. Dept. of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990); *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1990). The fact that the plaintiff is *pro se* does not excuse the failure to properly

effect service of process. *System Signs Supplies*, 903 F.2d at 1013; *Dupre v. Touro Infirmary*, 235 F.3d 1340 (5th Cir. 2000) (unpub'd).

## 2. Rule 12(b)(6)

### A. General standard

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Supreme Court expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show [n]'—'that the pleader is entitled to relief.' *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). Assessing the certainty of facts supporting a plaintiff's claim, "the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238) (5th Cir. 2009)).

### B. Pro se standard

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S. Ct. at 2200 (citations omitted). But even a pro se

complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S. Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id.* at 1949–50 (internal quotation marks omitted).

### b. Parties' Arguments

#### i. Defendants' Motion to Dismiss (Doc. 32)

##### 1. Plaintiff's claims have prescribed and his Amendments Do Not Relate Back

Defendants argue that the claims against all Defendants (except for the City of Baker) have prescribed and thus should be dismissed under Rule 12(b)(6). (Doc. 32-1 at 3.)

### A. No Mistake of Identity

On June 30, 2015, Plaintiff filed his original complaint concerning the incident that occurred on June 30, 2014; however, he failed to identify by name the individual defendants involved in this case. (*Id.*) Defendants claim that when Plaintiff filed his amended complaint, naming Defendants William Johnson, Paul Hickman, Harold Rideau, Darnell Waites, Mike Knaps, Robert Young, John Givens, Joyce Burges, Pete Heine, and Charles Vincent, Plaintiff's claims had already prescribed under Louisiana's one-year prescriptive period for tort actions. (*Id.* (citing *Jones v. Orleans Parish Sch. Bd.*, 688 F.2d 342, 344 (5th Cir. 1982), *cert. denied*, 461 U.S. 951 (1983)).)

While Rule 15(c) allows a plaintiff to amend a complaint when the amendment relates back to the date of the original complaint, Defendants argue that the current scenario is not one which permits relation back. (*Id.*) Rule 15(c) allows for a relation back of amendments when there is a mistake concerning the proper party's identity, but it does not permit relation back to substitute a

named party for a "John Doe" defendant. (*Id.* at 3—4 (citing Fed. R. Civ. P. 15(c)(iii); *Jacobsen v. Osborne*, 133 F.3d 315, 320–21 (5th Cir.1998)).) Defendants assert that Rule 15(c) does not permit relation back where, such as here, there is lack of knowledge of the proper party. (*Id.* at 4 (citing *Barrow v. Wethersfelk Police Dep't*, 66 F.3d 466, 469 (2d Cir. 1995), *modified by* 74 F.3d 1366 (2nd Cir. 1996); *Wilson v. United States Government*, 23 F.3d 5559, 562—63 (1st Cir. 1994); *Worthington v. Wilson,* 8 F.3d 1253, 1257 (7th Cir. 1993)).)

Defendants explain that Plaintiff filed suit the day before his claim prescribed against "the employees, agents, representatives and assignees of the City of Baker, namely John Does 1 through 50," and failed to actually name any of the Defendants. Plaintiff later moved to amend, substituting John Does 1—11 for specific named defendants, whose identities he learned through discovery, on July 30, 2015 and October 30, 2015. (*Id.*) Because these changes were made after Plaintiff's time delay had lapsed, and they were not necessitated by the "mistake" or "misidentification" at which Rule 15(c)(1)(C) is aimed, the relation back is not allowed back to the filing of the original complaint. (*Id.*)

## B. Below Defendants Were Not Put on Notice Within Time Delays Allowed

Defendants argue that no one who was named for the first time in Plaintiff's October 30, 2015 amended complaint (XYZ Insurance Company, Rideau, Waites, City of Baker Insurance, Knaps, Young, Givens, Burges, Heine, and Vincent) was put on notice of the claims against them for relation back purposes. (*Id.* at 5.) According to Defendants, before the Court may find that an amended complaint that adds new defendants relates back to the date of the original complaint, it must first find that, within 120 days of filing the complaint, the parties brought in by amendment:

(i)     Received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii)    Knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

(*Id.* (citing Fed. R. Civ. P. 15(c)(1)(C)).)

Against this backdrop, Defendants argue that Council members Young, Givens, Burges, Heine, and Vincent were added as defendants two days after the 120 day notice period, rendering the claims against them untimely. (*Id.*) Furthermore, since they were not involved in the incident, Defendants argue that these individuals could not expect to be added to a suit regarding the alleged theft of property by Baker City employees. (*Id.*) Similarly, City Manager Waites, Mayor Rideau and Police Chief Knaps had no direct connection to the incident. (*Id.*)

Additionally, Defendants argue that there is no identity of interest between the previously named defendants and the new individual defendants. (*Id.* (quoting *Jacobsen v. Osborne*, 133 F.3d at 320 ("'Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other.'")).) Defendants explain that the first named defendants in this case were Code Enforcer Johnson, and Hickman, who is not an employee of the City of Baker. (*Id.* at 5—6.) Therefore, Defendants argue, there are no facts that supporting that there is an "identity of interest" between Defendants. (*Id.* at 6.)

## C. Additional Claims Do Not Arise Out of Same Transaction or Occurrence

In the first amended complaint filed on July 30, 2015, Plaintiff raised new factual allegations and a claim arising therefrom, all relating to the alleged unconstitutional treatment of

his younger brother Rodger by officers of the Baker City Police Department. (*See* Doc. 3.) Defendants contend these newly-added allegations do not relate back under Rule 15(c)(1)(B) because they do not arise out of the same transaction or occurrence outlined in the original complaint. (Doc. 32-1 at 6.) Under Louisiana law, tort claims are subject to a liberative prescription of one year. (*Id.* (citing La. Civ. Code Ann. art. 3492 (2017)).) Therefore, this newly added claim must relate back to his original complaint or else it is time-barred and subject to dismissal. (*Id.*)

Defendants explain that "[a]n amendment that shares 'some elements and some facts in common' with the original claim does not relate back if its effect is 'to fault [the defendants] for conduct different from that identified in the original complaint.'" (*Id.* at 7 (citing *Jones v. Bernanke*, 557 F.3d 670, 674 (D.C. Cir. 2009) (quoting *Meijer, Inc. v. Biovail Corp.*, 533 F.3d 857, 866 (D.C. Cir. 2008)) and citing *Dean v. United States*, 278 F.3d 1218, 1221 (11th Cir. 2002)).) They claim that there are no facts relating the original complaint to the amendment regarding Plaintiff's brother. (*Id.*) Additionally, Police Chief Knaps was not sufficiently on notice as to this additional claim. (*Id.*) Therefore, Defendants contend that any claims relating to Plaintiff's brother should be dismissed as prescribed. (*Id.*)

### 2.  Insufficient Service of Process

Next, Defendants argue that dismissal is appropriate here based upon insufficient service of process pursuant to Federal Rule of Civil Procedure 4(m). (*Id.* at 8.) Rule 4(m) states that if a plaintiff fails to effect service of process on a defendant within 120 days after filing a complaint,[3] a district court must dismiss the action without prejudice against a defendant, or issue an order that service be made within a specified period of time. (*Id.* (citing Fed. R. Civ. P. 4(m)).) Furthermore, Defendants assert that the decision to dismiss an action without prejudice, or quash service of

---

[3] Defendants note that the current version of the Rule has changed the delay to ninety (90) days, but at the time of the filing of the petition, the shortened time period had not yet been in effect. (Doc. 32-1 at 8.)

process but preserve the action, is within the broad discretion of the district court. (*Id.* (citing *Gordon v. John Deere Co.*, 320 F. Supp. 293, 296 (N.D. Fla. 1970), *aff'd*, 466 F.2d. 1200 (5th Cir. 1972)).)

In moving to dismiss due to insufficient service of process, Defendant argue that that the burden of proof shifted to Plaintiff, and only after he establishes a prima facie case of proper service does the burden shift back to Defendants to show service was insufficient. (*Id.* (citing *e.g.*, *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1305 (5th Cir.1985); *Supreme Fuels Trading FZE v. Sargeant*, 08-81215, 2009 WL 5128504, at *1, *3 (S.D. Fla. Dec. 18, 2009)).)

Although Plaintiff amended his original Complaint by naming the aforementioned Defendants on October 30, 2015, the 120 day time period for Plaintiff to serve Defendants expired on February 29, 2016. (*Id.* at 8—9 (citing Doc. 9).) When this motion was filed on November 29, 2016, Defendants allege that service had still not been executed on Knaps, Young, Givens, Burges, or Vincent.  (*Id.* at 9.)

Defendants claim that they have not refused or evaded service of process, and concedes that Plaintiff has adequately served other named Defendants in this matter. (*Id.*) As a result, Defendants urge the Court to grant Defendants' motion to dismiss the Complaint without prejudice as to the Defendants named in this section for insufficient service of process. Additionally, Defendants emphasize that they did not waive service; in Defendants' Answers, the Second Defense states that Defendants reserved their rights to assert all motions and issues under Federal Rule of Civil Procedure 12. (*Id.* (citing Doc. 18).)

### 3.  Failure to State a Claim

Defendants argue that the purpose of Rule 8 is to provide the opposing party with fair notice of the nature and bases of the pleader's claims, and an indication of the type and substance of the

litigation involved. (*Id.*) Similarly, Defendants emphasize that Rule 12(b)(6) provides for the dismissal of a complaint which fails to state a claim upon which relief can be granted. (*Id.*)

Defendants argue that Plaintiff not only fails to state a cognizable claim against Defendants Rideau, Waites, Knaps, Young, Givens, Burges, Heine and Vincent, but that he entirely fails to mention these Defendants in his complaint. (*Id.* at 10.) Instead, Defendants note that Plaintiff generally pleads in his amended complaint that the "Defendants so named in this complaint and pleadings are directly involved or have refused to take corrective action and are in collusion and party to felony theft and organized crime under the Rico Federal Laws." (*Id*. (quoting Doc. 32 at 3)(internal quotation marks omitted).) Defendants claim that Plaintiff fails to provide any factual support for these allegations, and thus the claims against them should be dismissed. (*Id.* at 10.)

### 4. City of Baker is Immune from Suit

Defendants argue that Plaintiff's claims for constitutional violations against the City, Police Chief Knaps, Mayor Rideau, City Manager Waites, Code Enforcer Johnson and various council members in their official capacities lack merit and are subject to dismissal. (*Id.* at 11.)

First, Defendants argue that "vicarious liability principles are inapplicable" here. (*Id.* (quoting *Hudspeth v. City of Shreveport*, 04-0587, 2006 WL 3747446, at *19 (W.D. La. Dec. 18, 2006), *aff'd,* 270 Fed. App'x 332 (5th Cir. 2008) (internal quotation marks omitted)).) Instead, Defendants assert "it is when execution of a government's policy or custom inflicts the injury that the government as an entity is responsible under Section 1983." (*Id.* (citing *Hudspeth*, 2006 WL 3747446, at *19 (citing *Monell v. Dep't of Social Services of New York,* 436 U.S. 658, 694 (1978)).) Therefore, Defendants explain, Plaintiff "must show: (1) 'that the municipality adopted a policy with deliberate indifference to its known or obvious consequences; and (2) that the municipality

was the *moving force* behind the constitutional violation.'" (*Id.* (citing *Hudspeth*, 2006 WL 3747446, at *19 (citing *Monell,* 436 U.S. at 694).)

Defendants contends that the Fifth Circuit requires a Section 1983 claim to be pled with specific facts, rather than conclusory allegations with "sufficient particularity to meet all the elements of recovery." (*Id.* at 12 (citing *Hudspeth*, 2006 WL 3747446, at *20; *Fraire v. City of Arlington,* 957 F.2d 1268, 1278 (5th Cir. 1992)).) Defendants argue that Plaintiff has made general conclusory accusations that the City of Baker violated the Plaintiff's constitutional rights. (*Id.*) In failing to specifically plead facts supporting this claim, Defendants allege that Plaintiff's claims cannot withstand their 12(b)(6) motion. (*Id.*)

Next, Defendants argue that Plaintiff cannot claim municipal liability based on "deliberate indifference." (*Id.*) In supporting this argument, Defendants quote:

> [C]ourts have generally held that the "inadequacy of police training may serve as the basis for §1983 liability **only where the failure to train amounts to deliberate indifference of the rights of persons with whom the police come in contact...**" Only where a municipality's failure to train its employees **in a relevant respect** evidences deliberate indifference to the rights of its inhabitants can such a shortcoming be properly thought of as a city policy or custom that is actionable under §1983.

(*Id.* (quoting *Hudspeth*, 2006 WL 3747446, at *20 (emphasis added) (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)) (internal quotation marks omitted).) Defendants claim that the deliberate indifference standard Plaintiff pleads is comparable to the standard for failure to train; thus Plaintiff must establish a pattern of similar violations, such that the failure of the City to respond with better or more effective training or supervision "reflects a deliberate or conscious choice to endanger constitutional rights." (*Id.* at 12—13 (quoting *Hudspeth*, 2006 WL 3747446, at *20 (quotation marks omitted); and citing *Estate of Davis ex rel McCully v. City of North Richland Hills*, 406 F.3d 375, 381—83 (5th Cir. 2005); *Roberts v. City of Shreveport,* 397 F.3d

287, 292 (5th Cir. 2005)).) Defendants emphasize that the pattern of violations may not be proved "on the basis of a single prior incident." (*Id.* at 13 (quoting *Reyes v. Bridgewater*, 362 Fed. App'x 403, 410 (5th Cir. 2010) (internal quotation marks omitted)).)

Here, Defendants allege that Plaintiff has failed to come forward with any evidence to support the claims that the City of Baker actively promulgated a policy of unlawful search and seizure. (*Id.*) Furthermore, Defendants predict that Plaintiff will be unable to provide evidence that a pattern of violations substantially similar to what occurred in this instance existed, and will be unable to show that the municipality and/or its officers adopted a policy with deliberate indifference, or that such policy was a moving force behind the Code Enforcer's actions. (*Id.*) Therefore, Defendants conclude that Plaintiff's claims against the City fail, and should be dismissed as a matter of law against the City, the Mayor, the Chief of Police, the City Manager and council members. (*Id.* at 13—14.)

### ii.  Plaintiff's Memorandum in Opposition (Doc. 36)

#### A.  Liberal Construction of Pro Se Pleadings

Plaintiff prefaces his argument by citing jurisprudence that suggests that courts should extend leniency to pro se plaintiffs, such as himself. (Doc. 36 at 3 (citing, *e.g.*, *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993); *Simmons v. Methodist Hosps. of Dallas*, 106 F. Supp. 3d 799, 803 (N.D. Tex. 2015); *Roberts v. Orleans Parish Med. Staff*, 99–2266, 2002 WL 1022488 (E.D. La. 2002)).) Plaintiff states, "[t]his leniency extends not only to correction of errors in pleadings, but to the correction of defects in service of process." (*Id.*)

#### B.  Defendants Have Been Timely Served With Process in This Matter

Plaintiff contends that "many" Defendants were sufficiently served within the 120 day time limit, and that these Defendants concede they were properly served. (*Id.* (citing Doc. 32-1).)

### C. Defendants Have Waived the Motions to Dismiss Under Rule 12(h)

Plaintiff alleges that Defendants have failed to sufficiently raise affirmative defenses in either a pre-answer motion, or in their original answer. (*Id.* (citing Doc. 14).) Although Defendants' original answer (Doc. 14) and the second answer (Doc. 18) contain a blanket reservation under Rule 12, Plaintiff avers this is insufficient as a matter of law. (*Id.* at 5 (citing *Faircloth v. Certified Fin., Inc.*, No. 99–3097, 2000 WL 136012 (E.D. La. 2000); *Farmers Select, LLC. v. United Motor Freight, Inc.*, No. 07-342, 2008 WL 5351731 (W.D. Tex. 2008)).)

Plaintiff points to the Fifth Circuit case *Humes-Pollett v. Family Health Center Inc.*, 339 Fed. App'x 490, 493 (5th Cir. 2009), in which plaintiff alleged that the defendant effectively waived any arguments regarding service when he filed an answer to the complaint without objecting to service of process. (*Id.* at 3—4.) Plaintiff emphasizes that the court held "[a] defendant does indeed waive insufficient service of process as a defense to a claim for relief by filing an answer without objecting to service of process. (*Id.* at 4 (quoting *Humes-Pollett*, 339 Fed. App'x at 493; and citing *Farmers Select*, 2008 WL 5351731.)

Plaintiff explains that Rule 12(b) provides "that defenses must be raised in the pleading responsive to the one asserting the claim defended, with the exception of certain defenses that may be raised by motion," where a "responsive" pleading is the first opposing pleading filed after the claim for relief is made. (*Id.* (citing *T & R Enters. v. Cont'l Grain Co.*, 613 F.2d 1272, 1277 (5th Cir. 1980)).) He contends that although Rule 12(h)(2) provides that a 12(b)(6) motion may be raised as late as trial, "[t]echnically, a post-answer Rule 12(b)(6) motion is untimely and some

other vehicle, such as a motion for judgment on the pleadings or a summary judgment, must be used to challenge the failure to state a claim for relief. (*Id.* at 6 (citing *Delta Truck & Tractor, Inc. v. Navistar Int'l Transp. Corp.*, 833 F. Supp. 587, 588 (W.D. La. 1993); *Puckett v. United States*, 82 F. Supp. 2d 660 (S.D. Tex. 1999)).) As such, Plaintiff respectfully submits that the Defendants have waived the defenses asserted in their Rule 12(b)(5) and 12(b)(6) motions.

### D. Prescription and Relation Back of Amendments are Not Legitimate Issues in this Matter

Plaintiff emphasizes that Defendants concede that the claim against the City of Baker has not prescribed; therefore, Plaintiff argues that the factual basis for action asserted and the recovery sought remain unchanged despite the amendments. (*Id.* at 7.) Plaintiff cites Rule 15(c)(1)(B), which permits an amended complaint to relate back to the original filing date of the lawsuit when it asserts a claim or defense that arose out of the conduct, transaction or occurrence set out – or attempted to be set out – in the original pleading. (*Id.*)

In addressing the originally unnamed parties, Plaintiff cites the Fifth Circuit case *Bohannan v. Doe I*, 527 Fed. App'x 283 (5th Cir. 2013), in which the court recognized that plaintiffs should be given the opportunity to identify unnamed defendants through discovery. (*Id.*) Plaintiff also cites the case *Jenkins v. Lee*, 96–3436, 1999 WL 97931 (E.D. La. 1999), in which the plaintiffs filed suit against unknown municipal officials under fictitious names and subsequently attempted to learn their identities through discovery. (*Id.* at 7—8.)

### E. Plaintiff has Stated a Plausible Claim for Relief

Plaintiff argues that both the original and amended complaints easily satisfy the pleading standard outlined in Rule 8. (*Id.* at 8—9.) Alternatively, if the Court determines that the allegations of fact set forth in the pleadings are insufficient, Plaintiff suggests that a curative amendment

should be granted in light of the former pro se status of the plaintiff and the recent enrollment of undersigned counsel.[4] (*Id.* at 9.)

### F.  Defendants' Immunity Claims Must Be Denied

Plaintiff argues that municipalities and municipal defendants are not subject to qualified immunity in their official capacities. (*Id.* at 10.) Plaintiff avers that the Supreme Court has held that "if a defendant asserts qualified immunity, the complaint should generally not be dismissed for failure to state a claim because, the issue of whether immunity applies is a factual question related to the merits. (*Id.* (citing, *e.g.*, *Scheuer v. Rhodes*, 416 U.S. 232 (1974).) Furthermore, Plaintiff suggests that the court may grant discovery limited to the issue of qualified immunity. (*Id.* (citing, *e.g.*, *Schultea v. Woods*, 47 F.3d 1427, 1434 (5th Cir. 1995)).)

### c.  Analysis

### 1.  Timeliness of Defendants' 12(b) Motion

Although Plaintiff spills much ink arguing that Defendant has waived his right to file Rule 12(b) motions when they answered his complaint, and insists the instant motion is untimely, he nonetheless concedes "that a 12(b)(6) motion may be raised as late as trial[.]" (Doc. 36 at 6 (citation omitted).)

From a doctrinal standpoint, Plaintiff is correct. "[T]echnically, 'a post-answer Rule 12(b)(6) motion is untimely and some other vehicle such as a motion for judgment on the pleadings or for summary judgment, must be used to challenge the failure to state a claim for relief.'" *Delta Truck & Tractor, Inc. v. Navistar International Transp. Corp.*, 833 F. Supp. 587, 588 (W.D. La. 1993) (quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357). Nonetheless, the Court finds this issue to be purely academic and without bearing upon the

---

[4] Plaintiff's counsel had already enrolled in this case at the time Defendants filed their motion to dismiss. (*See* Docs. 26, 27.)

instant motion; it chooses "to overlook the semantic faux pas and restyle[] the motion as a Rule 12(c)." *Id.* "The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). When evaluating a Rule 12(c) motion, the Court accepts all well-pleaded facts as true and views them in a light most favorable to the plaintiff. *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). Thus, whether captioned as a Rule 12(b)(6) or a Rule 12(c) motion, the end result remains the same.

## 2. Insufficient service under Rule 12(b)(5) and Rule 4(m)

Defendants contend that Plaintiff's claims against Knaps, Young, Givens, Burges, and Vincent should be dismissed pursuant to Rule 12(b)(5) because Plaintiff has failed to comply with Rule 4(m),[5] which requires a plaintiff to timely effect service of process within 120 days of the filing of a complaint.[6] They allege that although Plaintiff amended his complaint to name the above-named defendants (and others) on October 30, 2015, he failed to effect service upon these defendants within the 120 day window—that is, by February 29, 2016. The Court's independent review of the record reveals that as of August 2017, these defendants as well as the City of Baker Insurance Company still have not been served.

A Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint. 5B Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 3d § 1353. A motion to dismiss pursuant to Rule 12(b)(5) hinges on the legal sufficiency of the service of process. The party making service has the burden of demonstrating its validity when an objection to service is made. *Holly v. Metro. Transit Authority,* 213 Fed. App'x

---

[5] Defendants Netterville's, Johnson, Hickman, Heine, Rideau, Waites, and the City of Baker were timely served and do not seek dismissal on these grounds.
[6] The current iteration of Rule 4(m) requires service within ninety (90) days, however the applicable version in effect at the time Plaintiff filed suit imposed a requirement that service be effected within 120 days.

343 (5th Cir. 2007) (citing *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)). If the plaintiff fails to establish the validity of service, Rule 12(b)(5) allows for dismissal of the action.

It is axiomatic that the rules which govern service of process are applied more leniently to pro se litigants. *Mayeaux v. McKee*, 14-72, 2014 WL 7186275, at *2 (M.D. La. Dec. 16, 2014) (citing *Lindsey v. United States R.R. Ret. Bd.,* 101 F.3d 444, 446 (5th Cir.1996)). "Nonetheless, when the failure of effective service may be ascribed to the plaintiff's 'dilatoriness or fault' or 'inaction,' the case may properly be dismissed." *Id.* (citing *Holly v. Metropolitan Transit Authority,* 213 Fed. App'x 343, 343 (5th Cir. 2007); *Rochon v. Dawson,* 828 F.2d 1107, 1110 (5th Cir.1987)).

Under Rule 4(m), a district court may dismiss a case without prejudice if a defendant has not been served within 120 days after the filing of a complaint. *Thompson v. Brown,* 91 F.3d 20, 21 (5th Cir.1996). However, if a plaintiff can establish good cause for failing to serve a defendant, the court must allow additional time for service. *Id.* To establish good cause, a plaintiff has the burden of demonstrating "*at least* as much as would be required to show excusable neglect...." *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1306 (5th Cir.1985). "[S]imple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice...." *Id.* In addition, "some showing of 'good faith on the part of the party seeking an enlargement *and* some reasonable basis for noncompliance within the time specified' is normally required." *Id.* (quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (1969)). It is "irrelevant that the defendant not served within the 120–day period later finds out about the suit or is in fact later served, so long as there was not good cause for the failure to serve within the 120 days." *Id.* at 1305–06. Ultimately, the district court has broad discretion in determining whether

dismissal for improper service of process is warranted. *Wagster v. Gauthreaux*, 12-11, 2013 WL 5554104, at *2 (M.D. La. Oct. 7, 2013) (citing *George v. U.S. Dept. of Labor, Occupation Safety & Health Admin.*, 788 F.2d 1115 (5th Cir. 1986)).

In this case, as noted above, the Court finds that proper service still has not been effectuated upon Knaps, Young, Givens, Burges, Vincent, and the City of Baker Insurance Company, nearly twenty-two months since Plaintiff amended his complaint to name these defendants. The Court further notes that proper service has been effected upon several other defendants in this case, thus Plaintiff cannot claim ignorance or a misunderstanding of the proper service requirements. Furthermore, Plaintiff retained counsel on October 4, 2016, more than ten months ago. (*See* Docs. 26, 27.) However, despite the assistance of counsel, the record does not reflect that there have been any attempts to effect service upon these defendants subsequent to the enrollment of counsel.

Accordingly, in light of the fact Plaintiff has failed to comply with Rule 4(m) and Rule 12(b)(5), all claims against Knaps, Young, Givens, Burges, Vincent, and the City of Baker Insurance Company are dismissed without prejudice. Plaintiff shall be granted leave to properly serve these defendants; his failure to do so within thirty (30) days of this Ruling will render his claims against them dismissed with prejudice.

### 3. The applicable prescriptive period

Next, Defendants (except the City) contend that Plaintiff's claims against them are time-barred because Plaintiff's amendments that named said defendants do not relate back to his original complaint. Naturally, the first step in the Court's analysis is to ascertain the applicable prescriptive period.

"It is well established in decisions in this Circuit that wrongs committed by Louisiana state officials in violation of federal law are considered to be torts subject to the one-year prescriptive

period [governing tort actions under Louisiana law]." *Jones v. Orleans Parish Sch. Bd.*, 688 F.2d 342, 344 (5th Cir. 1982) (on reh'g en banc), *cert. denied*, 461 U.S. 951 (1983); *Donahue v. Strain*, 15-6036, 2017 WL 3311241, at *10 (E.D. La. Aug. 3, 2017). However, the Court must look to federal law to determine when a plaintiff's cause of action accrues. *Heath v. Bd. of Supervisory for the S. Univ. and Agric. And Mech. Coll.*, 850 F.3d 731, 740 (5th Cir. 2017); *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008). In general, under federal law, "an action accrues when a plaintiff has a complete and present cause of action, or, expressed differently, when the plaintiff can file suit and obtain relief." *Walker*, 550 F.3d at 414 (quoting *Wallace v. Kato*, 549 U.S. 384 (2007) (internal quotation marks omitted)). Prescription begins the moment a plaintiff becomes aware that he suffered an injury or has sufficient information to understand that he has been injured. *Donahue*, 2017 WL 3311241, at *10 (citing *Walker*, 550 F.3d at 414 (internal citation omitted)); *Epes v. City of Bossier City*, 979 F.2d 1534 (5th Cir. 1992) (unpub'd) (quoting *Lavellee v. Listi*, 611 F.2d 1129, 1131 (5th Cir. 1980) (quotation omitted)).

In this case, under the foregoing standard, the Court finds that Plaintiff's claims arising out of the allegedly unlawful seizure of the vehicles on Plaintiff's property that occurred on June 30, 2014 prescribed on June 30, 2015. It further finds that Plaintiff's claims arising out of the allegedly unlawful treatment of his younger brother Rodger, which occurred on May 6, 2014, prescribed on May 6, 2015.

In light of the fact that Plaintiff did not file his original complaint until June 30, 2015, the Court can conclude without further analysis that Plaintiff's claim relating to the alleged mistreatment of his brother on May 6, 2014 had clearly prescribed at the time Plaintiff originally filed suit. Accordingly, this claim must be dismissed with prejudice.

On the other hand, Plaintiff did file this lawsuit on the last possible day to timely file a claim relating to the allegedly unlawful seizure of the vehicles on his property. However, the only defendant Plaintiff properly named in the original complaint was the City of Baker. (*See* Doc. 1 at 1 (naming "The City of Baker", "Does 1 through 50" and "XYZ Insurance Company" as defendants).) Thus, while it is clear that this lawsuit was unquestionably timely as it relates to the City of Baker, further analysis is warranted to determine whether Plaintiff's subsequent amendments naming the additional defendants relate back to Plaintiff's original claim, and are timely.

### 4. Relation back under Rule 15

Federal Rule of Civil Procedure 15(c), titled Relation Back of Amendments, provides in relevant part:

> **(1)** ***When an Amendment Relates Back.*** An amendment to a pleading relates back to the date of the original pleading when:
> **(A)** the law that provides the applicable statute of limitations allows relation back;
>
> **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

In *Jacobsen v. Osborne*, Fifth Circuit summarized the history and intent of Rule 15(c) as follows:

> Prior to the Rule being amended in 1991, the Supreme Court, in *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), interpreted it to permit relation back if the following conditions were satisfied:
>> (1) the basic claim must have risen out of the conduct set forth in the original proceeding; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) the party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.
>
> *Moore v. Long,* 924 F.2d 586, 587 (5th Cir.1991)(quoting *Schiavone,* 477 U.S. at 29, 106 S.Ct. at 2383).
>
> In response to *Schiavone,* Rule 15(c) was amended to change the fourth relation-back factor. The Advisory Committee stated that
>> [subpart (3) was] revised to change the result in *Schiavone v. Fortune*, with respect to the problem of a misnamed defendant. An intended defendant who is notified of an action within the period allowed by Rule 4(m) for service of summons and complaint may not under the revised rule defeat the action on account of a defect in the pleading with respect to the defendant's name provided that the requirements of clauses (A) [notice] and (B) [mistake] have been met. If the notice requirement is met within the Rule 4(m) period, a complaint may be amended at any time *to correct a formal defect such as a misnomer or misidentification.* On the basis of the text of the former rule, the Court reached a result in *Schiavone v. Fortune* that was inconsistent with the liberal pleading practices secured by Rule 8.
>
> Fed. R. Civ. P. 15(c), Advisory Committee Notes (1991 Amendment) (emphasis added).
>
> "The only significant difference between the *Schiavone* rule and amended Rule 15(c) is that, instead of requiring notice within the limitations period, relation back is allowed as long as the added party had notice within 120 days following the filing of the complaint, or longer if good cause is shown." *Skoczylas v. Federal Bureau of Prisons,* 961 F.2d 543, 545 (5th Cir.1992). As the Second Circuit has noted, the amended Rule "is meant to allow an amendment changing the name of a party to relate back to the original complaint only if the change is the result of an error, such as a misnomer or misidentification." *Barrow v. Wethersfield Police Dept.,* 66 F.3d 466, 469 (2d Cir.1995), *modified by* 74 F.3d 1366 (2d Cir.1996).

133 F.3d 315, 319–20 (5th Cir. 1998). *Jacobsen* is the seminal case in which the Fifth Circuit

"addressed whether, in order to prevent a time-bar, an amendment to substitute a named party for

a 'John Doe' defendant may relate back under amended Rule 15(c)(3)." *Id.* at 320. The court held that such amendment does not relate back because "for a 'John Doe' defendant, there was no 'mistake' in identifying the correct defendant; rather, the problem was not being able to identify that defendant." *Id.* at 321; *see also Balle v. Nueces Cty., Tex.*, ___ Fed App'x ___, 16-40789, 2017 WL 2590512, at *3 (5th Cir. June 15, 2017) (affirming the dismissal of the plaintiff's complaint and refusing to allow an amendment to relate back because the plaintiff's inability to identify the defendants by name in the original complaint "did not constitute a mistake under Rule 15(c)(1).").

Courts in this Circuit have strictly adhered to the logic and holding of *Jacobsen* and have declined to afford leniency to pro se litigants who move to amend their complaint to substitute John Does for named defendants. *See*, *e.g.*, *Matthews v. City of Alexandria*, 13-2303, 2015 WL 3746266, at *3 (W.D. La. Apr. 10, 2015) (dismissing pro se litigant's claims as time-barred after finding that the plaintiff's attempt to amend his complaint to substitute John Doe for named defendants did not relate back to date of original filing); *Stewart v. Nachitoches Par. Det. Ctr.*, 08-1505, 2012 WL 5464549, at *3—*4 (W.D. La. Sept. 7, 2012) (same).

Nonetheless, regardless of pro se status, courts may apply the doctrine of equitable tolling to preserve a plaintiff's claims if strict application of the Rule would be inequitable. *Green v. Doe*, 260 Fed. App'x 717, 719—20 (5th Cir. 2007) (citing *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995) (citation omitted)). In *Green v. Doe*, the Fifth Circuit distinguished the pro se plaintiff's attempt to substitute a John Doe defendant for the named defendant from that which was at issue in *Jacobsen*, and found that, unlike in *Jacobsen*, the *Green* plaintiff was entitled to equitable tolling of his claim for the following reasons:

> [t]o deny Green the opportunity to amend his complaint where he has diligently
> sought to discovery the identity of "John Doe" would be tantamount to eliminating

the use of a "John Doe" in bringing any suit. The only reason to sue a "John Doe" is to conduct discovery backed by the authority of the court, but where the amendment cannot relate back and the court incorrectly denies discovery, the "John Doe" has become a nullity. Although the use of a "John Doe" is disfavored, it serves the legitimate function of giving a plaintiff the opportunity to identify, through discovery, unknown defendants. *See Colle v. Brazos Cty., Tex.*, 981 F.2d 237, 243 n. 20 (5th Cir. 1993).

Thus, although the district court correctly notes that in *Jacobsen*, 133 F.3d at 321, we held that [R]ule 15(c)(3) did not allow an amendment to replace a "John Doe" because the plaintiff had not made a 'mistake concerning the proper identity,' but rather 'lacked knowledge of the proper party,' *the instant case is different. In Jacobsen, there was no justification for equitable tolling; the delays that plagued the case were the fault of the plaintiff*; the defendants sought to move discovery forward. *Id.* Plaintiff had the assistance of discovery but failed to take advantage of that power and depose witnesses in a timely manner that would have allowed him to identify the "John Doe" and amend his complaint. *Id.* at 317—18. *Green, in contrast, sued almost eleven months before the running of the statute, and given the specificity of knowledge he had, if he had not been denied discovery he would have had sufficient time to identify the officer and amend his complaint under [R]ule 15(a) without need to relate back under [Rule] 15(c).*

…

Green's legal remedy was precluded by the erroneous denial of discovery and the subsequent dismissal of his suit as frivolous and by the refusal to provide the name of the officer ultimately identified by the state.

260 Fed. App'x at 719—20 (emphasis added).

Guided by the jurisprudence outlined above, the Court is compelled to conclude that Plaintiff's attempt to amend his complaint to substitute the John Doe defendants for the individual named defendants does not relate back under Rule 15(c). Unlike *Green* and much like *Jacobsen*, in this case, Plaintiff's failure to timely ascertain the identities of the defendants was Plaintiff's own fault; Plaintiff filed suit on the last day of the prescriptive period, thereby depriving himself of any meaningful opportunity to conduct discovery that would allow him to timely learn the identities of the defendants. There is no justification to apply the doctrine of equitable tolling here, as a court's refusal to reward procrastination is hardly inequitable. The cases that Plaintiff cites to

support his position that his amendment should relate back are unavailing and largely inapposite to the facts of this case, and do not alter the Court's holding in this matter.[7] (*See* Doc. 36 at 7—8.)

Furthermore, the Court finds that the placeholder naming of "XYZ Insurance Company" for the City of Baker Insurance Company is tantamount to the naming of a corporate John Doe defendant entity, and is therefore subject to the same analysis as the individual defendants, as discussed above.

However, Rule 15(c) is not the only vehicle through which Plaintiff's claims may dodge the time-bar.

### 5. Interruption of prescription for solidary obligors under La. Civ. Code arts. 1799 and 3503[8]

Plaintiff alleges that Defendants are solidarily liable for the damage caused to him. (Doc. 3 at 7.) Under Louisiana law, the interruption of prescription against one solidary obligor is effective against all solidary obligors. La. Civ. Code arts. 1799 and 3503; *see also Cormier v. Clemco Servs. Corp.*, 48 F.3d 179, 181 (5th Cir. 1995) (applying arts. 1799 and 3505 to toll the plaintiff's claims under both state and federal law); *Sims v. Am. Ins. Co.*, 12-0204, at p. 6 (La. 10/16/12), 101 So. 3d 1, 6 ("prescription is interrupted by suit against one solidary obligor or joint tortfeasor as to the other solidary obligors and joint tortfeasors not timely sued…"). However, if the timely sued defendant is ultimately found not liable to plaintiffs, the suit against the untimely sued defendants must necessarily be dismissed, because no joint or solidary obligation would exist upon such finding. *Sims*, 12-0204, at pp. 6—7 (citing *Renfroe v. State ex rel. Dept. of Transp. and*

---

[7] Specifically, *Bohannan v. Doe I*, 527 Fed. App'x 283 (5th Cir. 2013), though it did concern a Section 1983 action against various state officials, including unnamed John Doe defendants, made no mention whatsoever of relation back under Rule 15. Similarly, any discussion of relation back under Rule 15 is conspicuously absent from *Colle v. Brazos Cty.*, 981 F.2d 237, 243 (5th Cir. 1993). Likewise, *Jenkins v. Lee*, 98-2367, 1999 WL 97931 (E.D. La. Feb. 17, 1999), does not concern relation back under Rule 15, and has no bearing upon this case.

[8] Though not raised by either party, the Court may raise an issue relating to the interruption of prescription sua sponte.

*Dev.*, 01–1646 (La.2/26/02), 809 So. 2d 947, 950; *Spott v. Otis Elevator Co.,* 601 So. 2d 1355 (La.1992)).

As noted above, Section 1983 claims are governed by Louisiana's prescriptive period for tort actions. Moreover, Section 1983 claims adopt Louisiana's tolling provisions as well. *Norton v. Livingston Par. Det. Ctr.*, 13-437, 2014 WL 1057218, at *4 (M.D. La. Mar. 19, 2014) (quoting *Giles v. Ackal,* 2012 WL 1458117, at *2 (W.D.La. March 27, 2012), *report and recommendation adopted,* 2012 WL 1458110 (W.D. La. April 26, 2012) (internal citations omitted); *see also Fruge v. Conoco, Inc.,* 679 F.Supp. 615, 617 (W.D. La. 1988) (quoting *Williams v. United States,* 353 F. Supp. 1226, 1231 (E.D. La. 1973) ("Thus, '[w]hen the federal courts borrow a state statute of limitations to decide a federal cause, the entire state limitations law, including its tolling provisions, is generally applied.' "); *Crow v. Corpper*, 10-1779, 2012 WL 4963313, at *4—*5 (M.D. La. Sept. 18, 2012).

In this case, Plaintiff timely sued the City of Baker, and alleged solidary liability between it and each of the named defendants. Thus, it is of no consequence that Plaintiff amended his complaint to name the remaining defendants outside the one-year prescriptive period, because by timely filing suit against the City, Plaintiff interrupted prescription and he was free to add additional defendants that are solidarily liable with the City. It is of no significance that Plaintiff's amendment substituting the John Does for the named defendants does not relate back under Rule 15(c), because under arts. 1799 and 3503, it does not need to relate back, as the timely filing of suit against the City interrupted prescription and Plaintiff was free to name additional defendants that are solidarily liable with the City, even in the absence of John Doe placeholders. For reasons

discussed below, the City is not entitled to qualified immunity at this juncture, thus the claims against the other defendants remain viable.[9]

As discussed above, Defendants Knaps, Young, Givens, Burges, Vincent, and the City of Baker Insurance Company have not been timely served, and thus the claims against them are dismissed without prejudice under Rule 12(b)(5). However, Defendants Johnson, Hickman, Netterville's, Heine, Rideau, Waites, and the City were all timely served. Although arts. 1799 and 3503 do not save the claims against the unserved defendants, it does save the claims against the timely-served defendants from the time-bar without need for reliance upon Rule 15(c).

### 6. The Section 1983 claims against the City of Baker and city officials in their official capacity

#### i. The City of Baker and the individual defendant's official capacity claims

The City argues that it is entitled to immunity and that Plaintiff's federal claims against it must fail on these grounds. Similarly, Defendants Rideau, Waites, Johnson, and Heine deny that they are liable to Plaintiff in either their individual or official capacities.[10] A suit against a state or municipal official in his or her official capacity is not a suit against the official, but rather it is a suit against the official's office. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, this Ruling treats the claims against the city officials in their official capacity the same as the claims against the City.

---

[9] Of course, the City may later demonstrate its entitlement to immunity, and that it is entitled to judgment on the claims pending against it. If and when this happens, the claims against the other defendants will necessarily fall with the City's claims, as there would be no solidary obligation between the City and the other defendants. *See Norton*, 2014 WL 1057218, at *5.

[10] Defendants Knaps, Young, Givens, Burges, and Vincent also raise these arguments. However, as discussed above, these defendants have been dismissed without prejudice pursuant to 12(b)(5). Assuming Plaintiff succeeds in serving these defendants within the time allowed by the Court's Ruling and these defendants are brought back into the suit, the analysis on the qualified immunity issue is the same as it is with respect to Defendants Rideau, Waites, Johnson, and Heine.

"Section 1983 imposes liability on anyone who, under color of state law, deprives a person 'of any rights, privileges, or immunities secured by the Constitution and laws.' " *Blessing v. Freestone*, 520 U.S. 329, 340 (1997) (quotation omitted). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quotation omitted). "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted).

Municipalities and other local governments may be held liable for constitutional violations under § 1983 where official policy or custom caused those violations. *Bennett v. City of Slidell*, 728 F.2d 762, 766 (5th Cir. 1984) (citing *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978)). Municipalities may not, however, be held liable for such violations under theories of *respondeat superior* or vicarious liability. *Monell*, 436 U.S. at 691. Thus, municipal liability under § 1983 requires proof of three elements: (1) an official policy or custom; (2) an official policymaker with actual or constructive knowledge of the constitutional violation; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Monell*, 436 U.S. at 694, 98 S.Ct. at 2037; *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). The Fifth Circuit has held that allegations of an isolated incident are insufficient to demonstrate the existence of a custom or policy that gives rise to *Monell* liability. *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992) (citing *Rodriguez v. Avita*, 871 F.2d 552, 554 (5th Cir. 1989); *Palmer v. City of San Antonio, Tex.*, 810 F.2d 514, 516 (5th Cir. 1987)); *see also Piotrowski*, 237 F.3d at 578 ("the unconstitutional conduct must be directly attributable to the municipality through

some sort of official action or imprimatur, isolated unconstitutional actions by municipal employees will almost never trigger liability.") (citations omitted).

Under the foregoing standard, it is clear that Plaintiff's Section 1983 claims against the City must fail. Plaintiff's complaint makes clear that the harm he suffered was the result of a single incident in which City officials allegedly unlawfully seized three vehicles on his property in violation of state and federal law. This is the precise circumstance that the Fifth Circuit has held cannot support a Section 1983 claim against a municipality because, as Plaintiff's complaint currently reads, there is no policy or custom alleged to be behind the unlawful seizure of his vehicles. Without such allegations, Plaintiff's Section 1983 claim against the City and against Defendants Rideau, Waites, Johnson, Young, and Heine is not viable.[11]

### ii.    The individual capacity claims

Defendants Rideau, Waites, Johnson, and Heine assert they are entitled to qualified immunity with respect to Plaintiff's federal claims against them in their individual capacity.

In general, the defense of qualified immunity shields government agents, sued in their individual capacities, "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Behrens v. Pelletier*, 516 U.S. 299, 305 (1996) (internal quotation marks omitted). The test for whether a state official is entitled to qualified immunity is two-pronged, and considers: (1) whether a plaintiff successfully alleged facts showing that the state official violated plaintiff's constitutional right; and (2) whether the right was clearly established. *Saucier v. Katz*, 533 U.S.

---

[11] Nevertheless, as noted above, Section 1983 is a vehicle through which a plaintiff may vindicate violations of his federal constitutional rights against a state or municipal official acting under color of state law. Violations of state law are not required to be brought through Section 1983, thus Plaintiff's failure to properly allege a Section 1983 claim does not disturb his ability to proceed on state law claims against the City or these defendants in their individual capacity.

194, 201 (2001). Pursuant to *Pearson v. Callahan*, 555 U.S. 223, 234 (2009), the Court is vested with the discretion to determine the order in which it analyzes each prong of the *Katz* test. Accordingly, "[t]he doctrine of qualified immunity serves to shield a government official from civil liability for damages based upon the performance of discretionary functions if the official's acts were *objectively reasonable* in light of then clearly established law." *Thompson v. Upshur Cty., Tex.*, 245 F.3d 447, 456 (5th Cir. 2001) (emphasis added).

"The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted." *Hale v. Vannoy*, 16-355, 2016 WL 7650670 at *3 (M.D. La. Dec. 16, 2016) (Bourgeois, M.J.) (citing *Katz*, 533 U.S. at 201). Whether or not a reasonable fact-finder would conclude the official's actions are unreasonable is irrelevant on a motion to dismiss because "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and that a recovery is very remote and unlikely." *Cleveland v. Gautreaux*, 198 F. Supp. 3d 717, 745 (M.D. La. 2016) (quoting *Twombly*, 550 U.S. at 556) (internal quotation marks omitted). Once raised as a defense, a plaintiff bears the burden "to rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established law." *Pierce v. Smith,* 117 F.3d 866, 871–72 (5th Cir. 1997). "Precisely because this determination is considered 'a fact-intensive inquiry,' courts have been reluctant to find the defense of qualified immunity proved on papers alone." *Cleveland*, 198 F. Supp. 3d at 745 (quoting *Dorsett-Felicelli v. Cnty. of Clinton*, 371 F.Supp.2d 183, 193 (N.D.N.Y. 2005) and citing *Sales v. Barizone*, 03- 6691, 2004 WL 2781752, at *16 (S.D.N.Y. Dec. 2, 2004); *Sims v. Artuz*, 230 F.3d 14, 23 (2d Cir. 2000)).

Here, accepting the well-pleaded facts in Plaintiff's complaint as true, as the Court must do when faced with a 12(b)(6) motion, it is beyond debate that Plaintiff has alleged a violation of a clearly established constitutional right. It is axiomatic that a citizen of the United States may not be deprived his personal property without due process of law, a notion that "reflects the high value, embedded in our constitutional and political history, that we place on a person's right to enjoy what is his, free of governmental interference." *Fuentes v. Shevin*, 407 U.S. 67, 81 (1972) (citing *Lynch v. Household Fin. Corp.*, 405 U.S. 538, 552 (1972)); *see also Remm v. Landrieu*, 418 F. Supp. 542, 545 (E.D. La. 1976). Accepting Plaintiff's allegations as true, the *Katz* test is easily satisfied, and Plaintiff has properly alleged a violation of a constitutional right that was clearly established at the time the violation occurred. No reasonable official could believe that he was acting lawfully in seizing Plaintiff's vehicles from his private property, without advance notice or opportunity to be heard. Accordingly, Defendants Rideau, Waites, Johnson, and Heine are not entitled to qualified immunity on the Section 1983 claims against them in their individual capacity at this juncture.

## IV.    Conclusion

For the foregoing reasons,

**IT IS ORDERED** that insofar as Defendants' motion seeks dismissal of Plaintiff's claim arising out of the unlawful treatment of his brother Rodger pursuant to Fed. R. Civ. P. 12(b)(6), the motion is **GRANTED** and this claim is **DISMISSED WITH PREJUDICE** with respect to all Defendants;

**IT IS FURTHER ORDERED** that insofar as Defendant's motion seeks dismissal of Plaintiff's federal and state law claims that arise out of the seizure of Plaintiff's vehicles against

Johnson, Hickman, Heine, Rideau, and Waites, in their individual capacity, and against Netterville's, the motion is **DENIED**;

IT IS FURTHER ORDERED that the Section 1983 claims against the City and against Johnson, Hickman, Heine, Rideau, and Waites, in their official capacity, are **DISMISSED WITHOUT PREJUDICE** and Plaintiff is given leave to amend his complaint to state a cognizable *Monell* claim against the City and these defendants in their official capacity within thirty (30) days of the issuance of this Ruling. Failure to properly allege a custom or policy that was the moving force behind the seizure of Plaintiff's vehicles will entitle the City and these defendants in their official capacity to dismissal with prejudice of Plaintiff's Section 1983 claims. Additionally, insofar as the City and these defendants seek dismissal of Plaintiff's state law claims against them arising out of the seizure of his vehicles, the motion is **DENIED**;

IT IS FURTHER ORDERED that the claims against Knaps, Young, Givens, Burges, Vincent, and the City of Baker Insurance Company arising out of the seizure of Plaintiff's vehicles are **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(5), and that Plaintiff is given leave to effect proper service on these defendants within thirty (30) days of this Ruling. Failure to do so will entitle these defendants to dismissal of all claims against them with prejudice.

Signed in Baton Rouge, Louisiana, on <u>August 15, 2017</u>.


_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**